# UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT
## DOCKETING STATEMENT--CIVIL/AGENCY CASES

**Directions:** Counsel must make a **docketing statement (civil/agency) filed** entry in CM/ECF within 14 days of docketing of the appeal, or within the due date set by the clerk's docketing notice, whichever is later. File with the entry the (1) docketing statement form with any extended answers and (2) any transcript order form. Parties proceeding pro se are not required to file a docketing statement. Opposing counsel who finds a docketing statement inaccurate or incomplete may file any objections within 10 days of service of the docketing statement using the ECF event-**docketing statement objection/correction filed**.

| | |
|---|---|
| **Appeal No. & Caption** | Catherine L. LaRosa v. Commissioner (24-2034) |
| **Originating No. & Caption** | Catherine L. LaRosa v. Commissioner (10164-20) |
| **Originating Court/Agency** | U.S. Tax Court |

| Jurisdiction (answer any that apply) | | | |
|---|---|---|---|
| Statute establishing jurisdiction in Court of Appeals | 26 U.S.C. § 7482(a)(1) | | |
| Time allowed for filing in Court of Appeals | 90 days from decision | | |
| Date of entry of order or judgment appealed | 07/18/2024 | | |
| Date notice of appeal or petition for review filed | 10/14/2024 | | |
| If cross appeal, date first appeal filed | N/A | | |
| Date of filing any post-judgment motion | N/A | | |
| Date order entered disposing of any post-judgment motion | N/A | | |
| Date of filing any motion to extend appeal period | N/A | | |
| Time for filing appeal extended to | N/A | | |
| Is appeal from final judgment or order? | | ● Yes | ○ No |
| If appeal is not from final judgment, why is order appealable? | | | |

| Settlement (The docketing statement is used by the circuit mediator in pre-briefing review and mediation conducted under Local Rule 33. Counsel may make a confidential request for mediation by calling the Office of the Circuit Mediator at 843-731-9099.) | | |
|---|---|---|
| Is settlement being discussed? | ○ Yes | ● No |

| Transcript (transcript order must be attached if transcript is needed and not yet on file) | | |
|---|---|---|
| Is transcript needed for this appeal? | ○ Yes | ⦿ No |
| Has transcript been filed in district court? | ○ Yes | ⦿ No |
| Is transcript order attached? | ○ Yes | ⦿ No |

| Case Handling Requirements (answer any that apply) | | |
|---|---|---|
| Case number of any prior appeal in same case | N/A | |
| Case number of any pending appeal in same case | N/A | |
| Identification of any case pending in this Court or Supreme Court raising similar issue | N/A | |
| | If abeyance or consolidation is warranted, counsel must file an appropriate motion. | |
| Is expedited disposition necessary? | ○ Yes | ⦿ No |
| | If yes, motion to expedite must be filed. | |
| Is oral argument necessary? | ⦿ Yes | ○ No |
| Does case involve question of first impression? | ⦿ Yes | ○ No |
| Does appeal challenge constitutionality of federal or state statute in case to which federal or state government is not a party | ○ Yes | ⦿ No |
| | If yes, notice re: challenge to constitutionality of law must be filed. | |

**Nature of Case** (Nature of case and disposition below. Attach additional page if necessary.)

This case involves a claim for innocent spouse relief brought by Appellant, Catherine L. LaRosa under 26 U.S.C. § 6015(f), with respect to her liability for an erroneous refund. The Internal Revenue Service (IRS) denied Appellant's innocent spouse claim, and Appellant timely filed a petition with the U.S. Tax Court seeking review of the denial. In the Tax Court proceeding, the Commissioner of Internal Revenue (Commissioner) filed a motion to dismiss for lack of jurisdiction, contending that Appellant's liability did not qualify for innocent spouse relief under 26 U.S.C. § 6015(f) because it is not an "unpaid tax" or "deficiency" within the meaning of the statute. The Tax Court issued a precedential opinion, in which it held that it had jurisdiction over Appellant's innocent spouse relief claim but rejected that claim on the merits by recharacterizing the Commissioner's motion as a motion for summary judgment. The Tax Court reasoned that the erroneous refund of interest issued to Appellant and her spouse did not constitute an "unpaid tax" or "deficiency." In accordance with the opinion, the Tax Court issued an order and decision that Appellant was not entitled to innocent spouse relief. Appellant timely filed notice of appeal. This Court has jurisdiction under 26 U.S.C. § 7482(a)(1).

| **Issues** (Non-binding statement of issues on appeal. Attach additional page if necessary) |
|---|
| Whether the Tax Court erred in concluding that a taxpayer is ineligible under 26 U.S.C. § 6015(f) for innocent spouse relief from joint and several liability resulting from an erroneous refund of interest issued by the Internal Revenue Service. |

| **Adverse Parties** (List adverse parties to this appeal and their attorneys; provide party's address if the party is not represented by counsel. Attach additional page if necessary.) ||
|---|---|
| Adverse Party: Commissioner of Internal Revenue<br><br>Attorney: Jeffrey E. Gold<br>Address: IRS Office of Chief Counsel<br>Building K, MS-2602<br>1111 Constitution Ave. NW<br>Washington, DC 20224<br><br>E-mail: jeffrey.e.gold@irscounsel.treas.gov<br><br>Phone: 202-803-9200 | Adverse Party: Commissioner of Internal Revenue<br><br>Attorney: Marjorie A. Rollinson<br>Address: INTERNAL REVENUE SERVICE<br>1111 Constitution Avenue, NW<br>Washington, DC 20224-0000<br><br>E-mail:<br><br>Phone: |
| **Adverse Parties (continued)** ||
| Adverse Party: Commissioner of Internal Revenue<br><br>Attorney: Francesca Ugolini<br>Address: U. S. DEPARTMENT OF JUSTICE<br>Tax Division<br>Ben Franklin Station<br>P. O. Box 502<br><br>E-mail: Taxcivil@usdoj.gov<br><br>Phone: 202-514-1882 | Adverse Party:<br><br>Attorney:<br>Address:<br><br><br><br><br>E-mail:<br><br>Phone: |

| **Appellant** (Attach additional page if necessary.) | |
|---|---|
| Name: Catherine L. LaRosa<br><br>Attorney: Caroline C. Ciraolo<br>Address: Kostelanetz LLP<br>601 New Jersey Ave NW<br>Suite 260<br>Washington, DC 20001<br><br>E-mail: cciraolo@kostelanetz.com<br><br>Phone: 443-845-4898 | Name: Catherine L. LaRosa<br><br>Attorney: Andrew M. Weiner<br>Address: Kostelanetz LLP<br>601 New Jersey Ave NW<br>Suite 260<br>Washington, DC 20001<br><br>E-mail: aweiner@kostelanetz.com<br><br>Phone: 215-790-6999 |
| **Appellant (continued)** | |
| Name: Catherine L. LaRosa<br><br>Attorney: Usman Mohammad<br>Address: Kostelanetz LLP<br>7 World Trade Center<br>34th Floor<br>New York, NY 10007<br><br>E-mail: umohammad@kostelanetz.com<br><br>Phone: 212-808-8100 | Name: Catherine L. LaRosa<br><br>Attorney: Michael S. Waalkes<br>Address: Kostelanetz LLP<br>601 New Jersey Ave NW<br>Suite 260<br>Washington, DC 20001<br><br>E-mail: mwaalkes@kostelanetz.com<br><br>Phone: 202-790-6998 |

Signature: /s/ Caroline D. Ciraolo        Date: 11/4/2024

Counsel for: Petitioner-Appellant

**Certificate of Service** (required for parties served outside CM/ECF): I certify that this document was served on 11/4/2024 by ☐ personal delivery; ☑ mail; ☐ third-party commercial carrier; or ☐ email (with written consent) on the following persons at the addresses or email addresses shown:

| | |
|---|---|
| Jeffrey Gold<br>INTERNAL REVENUE SERVICE<br>455 Massachusetts Avenue, NW, 5th Floor<br>Washington, DC 20001 | Marjorie A. Rollinson<br>INTERNAL REVENUE SERVICE<br>1111 Constitution Avenue, NW<br>Washington, DC 20224-0000 |

Signature: /s/ Caroline D. Ciraolo        Date: 11/4/2024